**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Edward DAVIS,**
**Defendant-Appellant.**

**No. 75–1201.**

United States Court of Appeals,
Ninth Circuit.

Dec. 30, 1975.
Certiorari Denied April 26, 1976.
See 96 S.Ct. 1729.

Richard A. Wasserstrom (argued), Santa Monica, Cal., for defendant-appellant.

Steven D. Rathfon, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before BARNES and GOODWIN, Circuit Judges, and SCHNACKE,* District Judge.

SCHNACKE, District Judge.

Davis appeals from his conviction, on a jury verdict of guilty, of bank robbery, in violation of 18 U.S.C. § 2113(a).

When Davis was initially questioned by an FBI agent, he indicated he didn't·want to talk. The agent showed Davis a picture of Davis at the bank in the course of the robbery and said, "Are you sure you don't want to reconsider?" Davis studied the picture and then said, "Well, I guess you've got me." He then signed a waiver of all his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), agreeing to talk without a lawyer. His subsequent confession was introduced at trial, which he now contends was reversible error.

Defendant relies on *U. S. v. Barnes,* 432 F.2d 89, 90–91 (9th Cir. 1970). There, after suspects indicated that they didn't want to talk, they were confronted with the confession of a confederate, and questioned about it.

There was no intervening readvice about rights and no express waiver. The admissions thus obtained were properly deemed inadmissible because they were the product of pressure, by continued questioning, to induce answers despite the desire of the defendant to remain silent.

But the right to talk or remain silent is the defendant's, and no mechanical application of *Miranda* should prevent the informed, voluntary, and free exercise of that right [*Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975)].

Here, the agent merely asked Davis if he wanted to reconsider his decision to remain silent, in view of the picture; the questioning did not resume until after Davis had voluntarily agreed that it should [see *U. S. v. Jackson,* 436 F.2d 39, 40–41 (9th Cir. 1970), *cert. denied,* 403 U.S. 906, 91 S.Ct. 2209, 29 L.Ed.2d 682 (1971)]. The Government has met its heavy burden of showing that Davis's waiver of his rights to remain silent and to counsel, signed before ·he confessed, was made knowingly and intelligently. There is no evidence of any psychological or physical pressure on Davis, or of over-reaching of any kind.

Davis next contends that it is not ascertainable from the record as a whole, as it must be, that the trial court made a full and independent determination of the voluntariness of his confession [see *Javor v. U. S.,* 403 F.2d 507, 509 (9th Cir. 1968)]. However, at the hearing to determine the voluntariness of the confession, Davis withdrew his objection. At trial he made no objection to its receipt in evidence. Thus, Davis in effect abandoned his motion to suppress it.

Davis also challenges his 10-year prison sentence, on three grounds.

(a) He says it was imposed based on an inaccurate account in the presentence report of the status of his overturned state-court rape conviction. But the trial judge, before sentencing, was correctly informed of the status of the conviction.

---

* The Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

(b) He complains that the judge discussed the presentence report and sentence with the probation officer outside Davis's presence. It was entirely proper for the judge to do so [see *U. S. v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)].

(c) He says the trial judge's remarks indicated he wasn't considering with an open mind Davis's remarks in mitigation of his punishment. We disagree; it was simply a case of the trial judge's exercising his prerogative to reject Davis's assessment of Davis's background.

The judgment appealed from is affirmed.