**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John DOE, a juvenile,
Defendant-Appellant.**

**CA No. 83–3068.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 28, 1983.*

Decided May 18, 1984.

Ronald D. Howen, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

Raymond C. Givens, Coeur D'Alene, Idaho, for defendant-appellant.

* The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R.App.P. 34(a).

Before TRASK,** CHOY and SKOPIL, Circuit Judges.

PER CURIAM:

John Doe, a juvenile, appeals the district court's revocation of his probation, contending that the court erred in refusing to disclose a confidential sentencing recommendation and erred in placing him in a California treatment facility.

BACKGROUND

John Doe, a juvenile and Idaho resident, pleaded guilty to involuntary manslaughter. On March 9, 1983, he was placed on probation for three years, subject to certain conditions.

In the weeks following his placement on probation, John Doe violated the terms and conditions of his probation on several occasions. John Doe's probation officer, Stuart Scott, requested that the district court order that John Doe show cause why his probation should not be revoked because of the violations.

A probation revocation hearing was held on May 16, 1983. At that hearing, John Doe sought access to Scott's recommendation as to sentencing options. The district court stated that the recommendation was confidential and need not be disclosed. John Doe did have access to the Special Progress Report prepared by Scott for the probation revocation hearing.

The district court revoked John Doe's probation and ordered that he be committed to the custody of the Attorney General for three years. The court also "recommended and ordered" that John Doe be placed in the ECI Corporations Hidden Valley Ranch juvenile treatment facility in La Honda, California.

John Doe filed a timely appeal.

** Judge Trask concurred in the result in this case but died before the opinion was filed.

## NON–DISCLOSURE OF SENTENCING RECOMMENDATION

■ John Doe argues that he should have had access to the confidential sentencing report prepared by his probation officer. This contention is without merit.

Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure governs disclosure of presentence investigation reports. This Rule states that "[b]efore imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation *exclusive of any recommendation as to sentence....* (emphasis added)." Contrary to John Doe's contention, Rule 32(c)(3) expressly applies to the kind of report at issue here. Fed.R. Crim.P. 32(c)(3)(E); *see* 18 U.S.C. § 5037(c). The Advisory Committee on the 1974 amendments to the Federal Rules of Criminal Procedure state that, "[a]ny recommendation as to sentence should not be disclosed as it may impair the effectiveness of the probation officer if the defendant is under supervision on probation or parole." Fed.R.Crim.P. 32(c)(3)(A) advisory committee note.

Thus, the district court did not err by refusing to disclose the confidential recommendation as to sentencing options because such disclosure is expressly exempted under Rule 32(c)(3)(A). *See United States v. Howard-Arias,* 679 F.2d 363, 367 (4th Cir.), *cert. denied,* 459 U.S. 874, 103 S.Ct. 165, 74 L.Ed.2d 136 (1982) (appellant's claim that the court was required to divulge the contents of the probation officer's sentencing recommendation is meritless because Rule 32(c)(3)(A) explicitly authorizes otherwise).[1]

## RECOMMENDATION OF PLACEMENT IN CALIFORNIA FACILITY

■ John Doe argues that the district court committed reversible error by recommending that he be placed in a California treatment facility. This contention is also without merit.

A juvenile should be committed to a treatment facility in or near his home community "whenever possible." 18 U.S.C. § 5039. The Attorney General has ultimate authority to designate the place of confinement for federal prisoners, 18 U.S.C. § 4082, *see United States v. Warren,* 610 F.2d 680, 685 (9th Cir.1980), absent action that is arbitrary and capricious. *Stinson v. Nelson,* 525 F.2d 728, 730 (9th Cir.1975). The sentencing judge may only recommend that the Attorney General designate a particular place and such a recommendation is entirely discretionary. *United ed States v. Aleman,* 609 F.2d 298, 309 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980).

The district court here merely exercised its discretion by recommending that John Doe be placed at the California juvenile facility. The words "recommended and ordered" cannot confer on the district court authority that it does not have. *See* 18 U.S.C. §§ 4082, 5039. Nothing in the record indicates that a suitable juvenile facility was located in or near John Doe's home community. To the contrary, the record suggests that no suitable facility existed in John Doe's community that could provide necessary psychiatric counseling.

John Doe's counselor also testified that a living arrangement outside of his home community, an Indian reservation, might help him because of the stigmatization that he suffered in his own community.

John Doe has not demonstrated that the district court or the Attorney General acted arbitrarily or capriciously by recommending the California facility. It cannot be said that the court abused its discretion.

AFFIRMED.

---

**1.** It is not entirely clear from the record whether the district court viewed the progress report in question as a presentence or probation report. *See* 18 U.S.C. §§ 3655; 5037(c). We need not, however, reach this issue, because the report has been disclosed, except for *the sentencing recommendations.*