**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joe S. GONZALES,
Defendant-Appellant.**

**Nos. 84–3071, 84–3109.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1985.

Decided July 16, 1985.

Leslie Baker, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Steven T. Wax, Portland, Or., for defendant-appellant.

Before WALLACE and SNEED, Circuit Judges, and LEGGE,* District Judge.

WALLACE, Circuit Judge:

Gonzales appeals from the district court's denial of his motion to correct or reduce sentence under rule 35, Fed.R. Crim.P., and from the denial of his motion to reconsider the rule 35 motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

In 1984, Gonzales pleaded guilty to an information charging one count of forgery of a United States Treasury check, in violation of 18 U.S.C. § 495. Prior to imposing sentence, the district court ordered a presentence report pursuant to rule 32(c), Fed. R.Crim.P. The report was disclosed to Gonzales, except for the "Sentencing Recommendation" which was withheld pursuant to rule 32(c)(3)(A).

The presentence report indicated that Gonzales had been convicted of assault and battery, public drunkenness, and three sex offenses. Two of the sex offenses were committed in 1954 and involved sexual relations with teenage girls. In 1976, Gonzales was convicted of the knife-point rape of the daughter of a woman he was dating, for which he was sentenced to ten years' imprisonment. The presentence report indicated that all of the above offenses were committed while Gonzales was inebriated.

The presentence report also states that Gonzales was paroled in 1980, but that his parole was revoked in 1981 after he was arrested for sexually molesting a ten year old girl. Gonzales was again paroled in 1982, but his parole was later revoked in 1983 because he was arrested for sexual abuse and sodomy involving a fifteen year old mute, mentally retarded boy. Although the presentence report indicates that both these charges were dismissed, they resulted in the revocation of Gonzales' parole and his reconfinement. The report discloses that Gonzales was arrested several times during the 1950s and 1960s for vagrancy, drunkenness, gambling, simple assault and on two occasions after assaulting his wife.

Finally, the report contains an evaluation by the probation officer stating the probation officer's belief that Gonzales posed a threat to the community and needed both psychological therapy and treatment for his past sex offenses and for alcohol abuse. The probation officer viewed the current offense as part of Gonzales' continuing criminal behavior and believed that his lack of employment and residence at the time of the present offense were the result of his alcohol abuse.

Before the district court imposed a sentence, Gonzales' attorney sent a letter to the sentencing judge. Because the district employed a sentencing council composed of all district judges, he also sent copies to all of the sentencing council judges. The letter challenged the validity of the two sex offense charges brought against Gonzales while he was on parole, and argued there was no connection between the prior sex offenses and the forgery.

At the sentencing on March 5, 1984, Gonzales' attorney again raised his objections to the presentence report. The district court expressly stated that the prior offenses which had not resulted in convictions would not be taken into account in sentencing. The court sentenced Gonzales to nine years and recommended that he serve his sentence in the North Dakota State Penitentiary because of its excellent sex offender program. The court also ordered Gonzales to serve three years before becoming eligible for parole pursuant to 18 U.S.C. § 4205(b), because the sex offender program required three years of treatment.

Gonzales filed a motion under rule 35, Fed.R.Crim.P., seeking to reduce or correct his sentence. Gonzales argued that the sentence was based on erroneous informa-

---

* Honorable Charles A. Legge, United States District Judge, Northern District of California, sitting by designation.

tion—namely, that Gonzales was a habitual sex offender and that there was a direct relationship between his sex offenses and the forgery. At the hearing on the rule 35 motion, the district court denied Gonzales' request for an evidentiary hearing on the sentencing process. The court stressed that the probation officer disclosed no facts during ex parte discussions that were not in the presentence report and that the court merely was utilizing the probation officer's expertise in the area of programs and facilities.

On July 24, 1984, Gonzales moved for a reconsideration of his rule 35 motion. In this motion, he argued that Oregon's treatment program would be more appropriate and was available to him. The court ordered that Gonzales be evaluated by that program, but Gonzales was rejected as unsuitable for the program. On October 23, 1984, the court ordered Gonzales returned to United States custody, and reiterated his original recommendation of the North Dakota program.

## II

■ The maximum sentence under 18 U.S.C. § 495 is ten years; thus, the nine year sentence is within statutory limits. When a sentence is within legal limits, appellate review is severely limited. *See, e.g., United States v. Chiago,* 699 F.2d 1012, 1014 (9th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 171, 78 L.Ed.2d 154 (1983); *United States v. Garrett,* 680 F.2d 650, 652 (9th Cir.1982). Such a sentence may be vacated only if it is based on materially erroneous information. *See United States v. Tucker,* 404 U.S. 443, 447–49, 92 S.Ct. 589, 591–93, 30 L.Ed.2d 592 (1972); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *accord Dorszynski v. United States,* 418 U.S. 424, 431 n. 7, 94 S.Ct. 3042, 3047 n. 7, 41 L.Ed.2d 855 (1974).

Gonzales argues that the district court relied on the presentence report, which described his two arrests for sex offenses while on parole. Gonzales maintains that although the charges associated with the arrests were dismissed, the district court

considered the nature of the offenses in recommending a sex offender treatment program. Gonzales objected to the inclusion of this information in the report, and challenged its validity. The district judge, however, explicitly stated that he did not consider these offenses in his sentencing decision.

■ Gonzales argues that the district court's sentencing process violated his due process rights. We review the district court's decisions for an abuse of discretion. *See, e.g., United States v. Holt,* 704 F.2d 1140, 1140 (9th Cir.1983) (per curiam) (decision not to hold an evidentiary hearing on a rule 35 motion); *United States v. Kouwenhoven,* 602 F.2d 234, 238 (9th Cir.1979) (denial of rule 35 motion).

■ Gonzales first argues that the district court improperly relied on his two parole offenses. We disagree. In order to vacate a sentence based on materially erroneous information, a defendant has the burden to show that the challenged information "is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Ibarra,* 737 F.2d 825, 827 (9th Cir.1984), *quoting Farrow v. United States,* 580 F.2d 1339, 1359 (9th Cir.1978) (en banc). *See also United States v. Tooker,* 747 F.2d 975, 978–80 (5th Cir.1984) (defendant has the burden of showing materially inaccurate information and the court's reliance on it), *cert. denied,* —— U.S. ——, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985); *United States ex rel. Welch v. Lane,* 738 F.2d 863, 865 (7th Cir.1984) (same).

We have stated that rule 32, Fed.R. Crim.P., "helps courts implement the *Farrow* test." *Ibarra,* 737 F.2d at 827. Rule 32(c)(3)(D) provides that if the information in the presentence report is inaccurate, the defendant may bring such inaccuracies to the court's attention. Once this is done, the court must either (1) make a finding on each controverted fact, or (2) determine that such findings are unnecessary because the controverted facts will not be taken into account. Fed.R.Crim.P. 32(c)(3)(D).

Here, the trial judge stated on the record, following Gonzales' objection, that he would disregard the two parole offenses in his consideration of the sentencing.

■ We conclude that the district court complied with rule 32, and did not commit any improprieties. In *Ibarra,* we construed the district court's comments to the effect that the challenged evidence was irrelevant as substantial compliance with rule 32(c)(3)(D). *See Ibarra,* 737 F.2d at 827. We also observed, however, that district courts should state their intent to disregard controverted matters explicitly in the future. *Id. Accord United States v. Travis,* 735 F.2d 1129, 1132–33 (9th Cir. 1984). Here, the district judge stated that he "[d]iscount[ed] completely the two events that occurred while [Gonzales was] on parole that were dismissed." We find this statement sufficiently explicit. When a district court complies with this part of the rule, it prevents defendants from establishing the second prong of the *Ibarra-Farrow* test because the district court demonstrably refrained from relying on the challenged evidence. *See United States v. Brown,* 715 F.2d 387, 389 (8th Cir.1983) ("due process affords the defendant no right to rebut evidence not relied upon in the sentencing process").

■ Gonzales asserts that we cannot take this statement at its face value because his sentence is nonsensical unless the district court took the offenses into account. We disagree. We must take such statements at face value because if we do not do so, we will have abandoned our reliance on the good faith of our district court judges. *See United States v. Lee,* 648 F.2d 667, 669 (9th Cir.1981) (mere awareness of prejudicial information by trial judge does not taint sentence if not relied on). As we stated in *Farrow,* "[w]e must trust that our judges will rise above [impermissible] influences—just as we are confident they do in the cases of racial or personal bias, or public or private pressure." *Farrow,* 580 F.2d at 1350.

Gonzales' argument that we should not accept the district court's disclaimer also raises the issue of whether the record, aside from the two parole offenses, supports the treatment recommendation. Our willingness to accept the statement required by rule 32(c)(3)(D) does not mean that mere technical compliance with rule 32(c)(3)(D) will shield sentences that otherwise violate due process. *See United States v. Darby,* 744 F.2d 1508, 1532 n. 22 (11th Cir.1984) (stating that rule 32(c)(3)(D) "does not purport to state the requirements of due process"), *cert. denied,* —— U.S. ——, ——, 105 S.Ct. 2322, 2323, 85 L.Ed.2d 841 (1985).

■ Ordinarily, the district judge's "recommendation" for a place of confinement is not weighty because the decision is made by the Bureau of Prisons. *See United States v. Doe,* 734 F.2d 406, 407 (9th Cir.1984) (per curiam) ("The Attorney General has ultimate authority to designate the place of confinement for federal prisoners....") (*Doe*). Thus, the district court's mere recommendation ordinarily will not result in any actual prejudice to a defendant because the recommendation need not be followed. But in this case, the district judge stated that the length of the sentence imposed was tailored to fit the sex offender program he was recommending. Thus, the length of the sentence appears to have been affected by the type of treatment the district judge wished Gonzales to receive. Nevertheless, when the two parole offenses are excised, the uncontroverted record reveals three prior convictions for sexual offenses, and other convictions for assault and drunkenness. On the basis of this record, we cannot say that the district judge abused his discretion by recommending Gonzales be treated under a sex offender program, nor by tailoring his sentence to fit it.

■ The Supreme Court and this court have concluded that a sentencing court may consider both "the circumstances of the offense together with the character and propensities of the offender." *Williams v. New York,* 337 U.S. 241, 248 n. 10, 69 S.Ct. 1079, 1083 n. 10, 93 L.Ed. 1337 (1949),

*quoting Pennsylvania ex rel. Sullivan v. Ashe,* 302 U.S. 51, 55, 58 S.Ct. 59, 60, 82 L.Ed. 43 (1937). Not only is it permissible to tailor a sentence to the individual defendant, we find such a procedure to be desirable in order to maximize the likelihood of successful rehabilitation. *See, e.g., United States v. Lopez-Gonzales,* 688 F.2d 1275, 1277 (9th Cir.1982). The district court concluded that the forgery offense for which Gonzales was convicted was part of Gonzales' continuing criminal behavior, and that he recommended the sex offender program as the best method to "treat the source" of the criminal behavior. The conclusion that the uncontroverted sex offenses were sufficiently linked to the forgery offense to warrant the treatment recommendation is a matter within the district court's judgment. The essence of Gonzales' argument is that the district court must have considered the two sex offenses committed during parole because the rest of his background does not warrant the program. The district court, however, is free to disregard Gonzales' characterization of his own background, and we find there is no abuse of discretion apparent from the record.

### III

Gonzales also argues that due process entitled him to an evidentiary hearing into the substance of the ex parte contacts between the district court, the parole officer, and the sentencing council. Initially, we observe that rule 32 expressly provides that the district court may withhold the recommendation portion of the presentence report from the defendant, provided that if the court relies on any factual information in that portion, the defendant must be provided with a summary of such factual information. Fed.R.Crim.P. 32(c)(3)(A), (B). *See also Doe,* 734 F.2d at 407. The district court disclosed the presentence report to Gonzales, and stated both that he would not rely on the two dismissed offenses, and that all the facts on which he relied had been disclosed. Gonzales received and availed himself of the opportunity to address the disclosure both in writing and at the sentencing.

■ Nevertheless, Gonzales asserts that he is entitled to a full evidentiary hearing on the sentencing decision. He asserts that the ex parte communications were improper in his case because "ex parte advocacy" occurred. We disagree. Although it is true that the probation officer is adverse to the defendant in some respects, when the officer is preparing a presentence report he is acting as an arm of the court and this permits ex parte communication. *See, e.g., Williams,* 337 U.S. at 249–50, 69 S.Ct. at 1084–85; *United States v. Story,* 716 F.2d 1088, 1089–90 (6th Cir.1983). Similarly, Gonzales' attempt to distinguish between oral and written ex parte communication is incorrect. We have already concluded that the sentencing judge and the probation officer may discuss the presentence report and sentence outside the defendant's presence. *See United States v. Davis,* 527 F.2d 1110, 1112 (9th Cir.1975), *cert. denied,* 425 U.S. 953, 96 S.Ct. 1729, 48 L.Ed.2d 196 (1976) (*Davis*). We see no reason to distinguish between oral and written communication.

■ Although rule 32(c)(3) does not mention oral communications, there is no question but that the spirit of the rule would be violated if the probation officer related facts orally to the district court, on which it relied and which were not disclosed. *See generally* Fed.R.Crim.P. 32 advisory committee note (1974 Amendment) (referring to disclosure of both the presentence report and presentence "information"). Thus, if the district court received any additional factual information, it would have to disclose it to the defendant. The district judge, however, stated that he had disclosed all the information on which he relied. We conclude that this statement must be taken with the same trust as a rule 32(c)(3)(D)(ii) disclaimer for the same reasons. *See Farrow,* 580 F.2d at 1350.

If we accepted Gonzales' argument, we would effectively open the entire sentencing process to discovery and adversarial evidentiary hearings. Gonzales is assert-

ing that because the sentencing judge, the probation officer, and the sentencing council discussed his case and the end result of these discussions was disagreeable from his perspective, something improper must have occurred. This is pure speculation. Gonzales has come forward with no evidence other than the challenged result to suggest that improper facts were considered. Requiring an evidentiary hearing here would entail cross-examination of the probation officer and other district judges in order to find evidence of wrongdoing. Surely this is not what the drafters of the rule envisioned when they provided defendants with an opportunity to rebut inaccurate sentencing information: "It is not intended that the probation officer would be subjected to any rigorous examination by defense counsel, or that he will even be sworn to testify." Fed.R.Crim.P. 32 advisory committee note (1974 Amendment).

 Gonzales attacks the ex parte communication only because he disagrees with his lawful sentence. The district court's assessment of Gonzales' record is within its sound judgment, *see Davis*, 527 F.2d at 1112, and since Gonzales failed to come forward with more than hypothetical improprieties, the district judge did not abuse his discretion in refusing to order an evidentiary hearing.

### IV

Gonzales' final argument is that the ex parte communications about sex offender treatment denied him effective assistance of counsel because the district court failed to disclose that it was considering a sex offender treatment program.

We disagree. The presentence report explicitly stated the probation officer's belief that the forgery was part of Gonzales' continuing criminal behavior, and that Gonzales was a danger to the community and needed psychological treatment because of his prior sex offenses. In addition, Gonzales had an adequate opportunity to explore the alleged impropriety during the hearing on his rule 35 motion. Indeed, at that hearing the district court informed

Gonzales that the only information not disclosed was the probation officer's recommendation, which contained information about available facilities. This was not information to which Gonzales was entitled. Fed.R.Crim.P. 32(c)(3)(A). Thus, we conclude that Gonzales had adequate notice that the district court was considering sex offender treatment.

Affirmed.