64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherman MAZUR, Defendant-Appellant.
 No. 94-50568.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 10, 1995.
Decided Aug. 22, 1995.
 
 Before: BROWNING, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pursuant to a written plea agreement, Sherman Mazur pled guilty to one count of conspiracy to commit bankruptcy fraud in violation of 18 U.S.C. Sec. 371, four counts of bankruptcy fraud in violation of 18 U.S.C. Sec. 152, and two counts of subscribing to a false tax return in violation of 26 U.S.C. Sec. 7026(1).
 
 
 3
 Mazur appeals the district court's denial of his motion for reduction of his criminal sentence pursuant to Fed.R.Crim.P. 35.[1] Although the Government originally argued that Mazur waived any right to appeal the denial of a Rule 35 motion pursuant to the written plea agreement, it now concedes, in light of a recent decision of this court, that Mazur retains his right to appeal.[2]
 
 
 4
 "The district court's ruling on a Rule 35 motion is reviewed for illegality or gross abuse of discretion." United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990).
 
 
 5
 Mazur sets forth two complaints regarding his sentence. First, he contends that the district court's failure to make an explicit determination regarding disputed issues violates Fed.R.Crim.P. 32(c)(3)(D) and, second, that his sentence is unusually long and unreasonably severe in light of the charges against him.
 
 
 6
 As to Mazur's first complaint, we conclude that the district court complied with Rule 32. United States v. Gonzales, 765 F.2d 1393, 1397 (9th Cir.1985), cert. denied, 474 U.S. 1068 (1986). While the district court declined to make a finding as to the dispute between the parties that arose out of Mazur's presentence report, the court did determine that no such finding was necessary because neither position would be relied upon in sentencing. Fed.R.Crim.P. 32(c)(3)(D). "[D]istrict courts should state their intent to disregard controverted matters explicitly in the future." Gonzales, 765 F.2d at 1397. Here, in reference to Mazur's objections to the presentence report, the district judge made it clear he would not base his determination on the controverted statements when he said that "the court will do its own independent evaluation for the purpose of sentence." We find the court's statement sufficiently explicit.
 
 
 7
 "Whether the sentence imposed was 'illegal' is a question of law reviewed de novo." United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). We have "defined an illegal sentence as one which is not authorized by the judgment of conviction, or is in excess of the permissible statutory penalty for the crime, or is in violation of the Constitution." United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993) (citing United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 104 (1987)).
 
 
 8
 Mazur's sentence in not in excess of the permissible statutory penalty for the crime. He does not argue that his sentence is not authorized by the judgment of conviction nor that it is in violation of the Constitution. What he does argue is that the sentence imposed by the district court is based upon "charges which were dismissed as well as allegations on which [he] was never charged." The district judge, however, explicitly stated that Mazur's sentence would only be based on the relevant convictions. The court stated: "But in the clearest sense of the terms, that we have only certain counts before the court that I will be dealing with, and the sentence will be circumscribed to those counts." Finally, as we have noted, whether or not Mazur's sentence is unusually long or unreasonably severe is not a matter we are free to review, as long as that sentence is authorized by the judgment of conviction, does not exceed the statutory penalty period, and is not contrary to the Constitution. No Eighth Amendment claim is, or could legitimately be, made here.
 
 
 9
 Mazur's sentence was not imposed in violation of Fed.R.Crim.P. 32(c)(3)(D) nor is its length unlawful. Therefore, the district court's denial of the Rule 35 motion is
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It is important to note that this is a pre-guidelines case. Mazur relies upon the former text of Fed.R.Crim.P. 35 and 32 in this appeal, which govern procedures relating to offenses committed prior to November 1, 1987
 
 
 [2]
 See United States v. Buchanan, No. 94-10056, slip op. at 7907 (9th Cir. July 6, 1995)
 At sentencing the district court provided Mazur with oral assurance of his right to appeal his sentence:
 THE COURT: Mr. Mazur, you do have a right to appeal from the judgment of the sentence I have now imposed upon you. If you wish to appeal, you must file that notice within ten days of the entry of judgment. If you don't have the cost to pay for the filing of the appeal or hiring of an attorney, if you file a notice of indigency, costs can be waived and an attorney can be appointed. Do you understand your right to appeal, sir?
 THE DEFENDANT: Yes, sir.
 "This colloquy indicates that [Mazur] understood the court's affirmative advice that he had a right to appeal despite the contrary indication in the plea agreement." Id. at 7914.