111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. WOODLEY, Defendant-Appellant.
 No. 96-30313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1997.
Decided April 15, 1997.
 
 Before: WRIGHT, REINHARDT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John M. Woodley appeals the revocation of his supervised release, contending that the district court engaged in unauthorized ex parte contacts with his probation officer and that the court's findings that he violated the conditions of his supervised release are clearly erroneous.[1] We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Woodley began his supervised release in January 1995. Within a year, his probation officer charged him with failing to provide access to requested information about his wife's income and failing to make restitution, both in violation of special conditions of his release. Shortly thereafter, the probation officer alleged that he had failed to provide truthful answers to all probation officer inquiries and failed to submit truthful and complete monthly reports, both in violation of standard conditions of his release.
 
 
 4
 The district court found that, except for the failure to submit complete and truthful reports, each charge had been proved by a preponderance of the evidence. It revoked Woodley's supervised release and sentenced him to 12 months imprisonment.
 
 II
 
 5
 During the sentencing hearing, the court indicated that it had conferred separately with the probation officer to clarify his sentencing recommendations. Because Woodley failed to object to the meeting, we decline to address his contention that it was improper and requires reversal.
 
 
 6
 We note, however, that we have previously addressed and rejected this precise argument, see United States v. Gonzales, 765 F.2d 1393, 1398 (9th Cir.1985); United States v. Sifuentez, 30 F.3d 1047, 1049 n. 5 (9th Cir.1994), and that Woodley has neglected to bring these cases to our attention. It appears that, in his zeal to accuse the district judge of violating ethical canons, Woodley's attorney has neglected his own obligation of candor to the tribunal.
 
 III
 
 7
 Woodley contends that the court erred in revoking his supervised release. We review for abuse of discretion. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991).[2]
 
 
 8
 A. Failure to provide access to financial information
 
 
 9
 The record supports the finding that Woodley failed to provide his probation officer with requested financial information. The personal financial statement he provided contained none of the requested information about his wife's financial information and he specifically refused to provide such information in his February 9, 1995 letter.
 
 
 10
 Nor was the court's conclusion that Woodley had access to this information clearly erroneous. Woodley and his wife continued to live together after he was released. Since July 1995 she "loaned" him $1400 per month toward his living expenses and since January 1996 "employed" him at a salary of $1000 per month. Finally, the credit application Woodley and his wife jointly filled out to purchase "her" car contained the financial information that Woodley refused to disclose. The court did not clearly err.
 
 B. Failure to pay restitution
 
 11
 Woodley was required to pay restitution and a fine. Overwhelming evidence in the record supports the finding that he had the ability to pay $500 monthly but failed to do so.
 
 
 12
 Woodley received a disability insurance payment of $30,108.96 and a civil judgment of $125,841. He failed to disclose both of these and assigned them to his wife. He was the beneficiary of a discretionary trust valued at $75,000. He owned other substantial assets which he could have used to satisfy his obligation. The court did not clearly err.
 
 
 13
 C. Failure to answer probation inquiries truthfully
 
 
 14
 The record shows that Woodley failed to answer all probation inquiries truthfully. In his June 1995 personal financial statement, in response to the question "[h]ave you ever been a party to any civil suit?" he listed suits in which he was a defendant, but failed to note that he was the plaintiff in two pending civil suits.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In 1992, Woodley was convicted of multiple counts of mail fraud, tax evasion and filing a false tax return. He was sentenced to 30 months imprisonment and three years of supervised release. This court affirmed his conviction. United States v. Woodley, 9 F.3d 774 (9th Cir.1993)
 
 
 [2]
 We reject Woodley's contention that United States v. Colacurcio, 84 F.3d 326 (9th Cir.1996), decided after the magistrate judge had conducted an evidentiary hearing, but before Woodley's supervised release had been revoked, requires reversal. Colacurcio held that a magistrate judge lacks authority to conduct felony parole revocation hearings. Here, the district court struck the previously scheduled revocation hearing, reviewed the record and held a new hearing. Woodley waived his right to a de novo evidentiary hearing, and both sides stipulated that the district court could base its findings on a review of the transcript of the proceedings before the magistrate judge. The court expressly disclaimed reliance on, or adoption of, the magistrate judge's proposed findings. We accept this disclaimer "at face value." Gonzales, 765 F.2d at 1397