**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jane DOE, a juvenile, Defendant—**
**Appellant.**

No. 04–10478.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Sept. 23, 2005.

Bruce M. Ferg, Esq., Office of the U.S. Attorney, Sean Chapman, Esq., Law Office of Sean Chapman, Tucson, AZ, for Plaintiff–Appellee.

D. Erendira Castillo–Reina, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER, GIBSON,* and BERZON, Circuit Judges.

## MEMORANDUM **

Jane Doe, a juvenile Native American, appeals a district court order sentencing her to thirty-six months in the custody of the Attorney General or his authorized representative, to be served at the Santa Fe Youth Development Program in Santa Fe, New Mexico. She maintains that the district court improperly delegated its authority to the Bureau of Prisons and abused its discretion in sentencing her to thirty-six months of official detention in a secure juvenile correction facility, which was not in or near her home community and, according to appellant, would not provide adequate rehabilitation. We affirm the district court.

### A.

■ There was no improper delegation of authority. The Federal Juvenile Delinquency Act delegates to the district court the authority to determine the threshold question of *whether* the juvenile will be committed to official detention. 18 U.S.C. § 5037(a) (2000) (amended 2002). The statute specifically delegates to the Attorney General, however, the authority to determine *where* a juvenile committed to official detention will be detained, and sets

standards for the Attorney General to follow in making that decision, including that "[w]henever possible, the Attorney General shall commit a juvenile to a foster home or community-based facility located in or near [the juvenile's] home community." 18 U.S.C. § 5039 (2000 & West. Supp.2004).

Doe maintains that a Bureau of Prisons regulation dictated the sentence that was imposed. That is not the case. Instead, the district court properly considered the likely placement by the Bureau of Prisons in the context of determining the threshold question of whether the juvenile should be placed on probation or instead committed to official detention. *See United States v. Doe*, 734 F.2d 406, 407 (9th Cir.1984) ("The sentencing judge may only *recommend* that the Attorney General designate a particular place and such a recommendation is entirely discretionary." (emphasis added)).

There is therefore no basis for concluding that the district court delegated its statutory authority to the Bureau of Prisons. Similarly, there is no basis for concluding, as Doe argues, that either a usurpation of Article III powers or a violation of the Separation of Powers Doctrine occurred.

### B.

■ The district court did not abuse its discretion in determining that probation would be inadequate for Doe and that she must serve a sentence in the custody of the Attorney General. As stated in *United States v. Juvenile*, 347 F.3d 778, 787 (9th Cir.2003), "[i]t must be clear from the record, if not explicit, that a district court weighed all of the relevant factors and found that the disposition imposed was the

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

least restrictive means to accomplish a young person's rehabilitation, given the needs of the child and the community."

Here, the district court recognized that Doe's counsel had proposed several other facilities and noted that many of those facilities were not secure, while others offered programs that were too short in duration. The district court also recognized that if the defendant were placed on probation, the Bureau of Prisons would be under no obligation to enter into a contract to pay for any of the alternative facilities. Additionally, district court took into account in some detail, as required by *Juvenile,* Doe's unique circumstances and rehabilitative needs, as well as the particular facility available through the Bureau of Prisons (including its available treatment options). Consequently, the district court did not abuse its discretion.

AFFIRMED.