**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Antonio GARCIA–VILLALBA,**
**Defendant–Appellant.**

**No. 07–30462.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 6, 2009.

Filed Nov. 2, 2009.

Helen J. Brunner, Esq., James M. Lord, Esq., John Joseph Lulejian, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

William R. Michelman, William R. Michelman, Inc., P.S., Lakewood, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM *

Jesus Garcia–Villalba appeals the district court's denial of his motion to suppress. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.[1]

## I

■ Agent Hackett did not coerce Garcia–Villalba's confession by summarizing the status of the investigation before delivering the *Miranda* warnings. There is no evidence whatsoever "of any psychological or physical pressure" on Garcia–Villalba, "or of overreaching of any kind." *United States v. Davis,* 527 F.2d 1110, 1111 (9th Cir.1975). We have never held that an officer may not accurately summarize the status of an investigation to a suspect, and we decline to do so here.

■ Nor did Agent Hackett violate Garcia–Villalba's Fifth Amendment right to counsel by telling him that "his cooperation would be most valuable to us if others didn't know he was cooperating." In context, it is clear that Hackett's statement had nothing to do with discouraging Jesus from contacting counsel. Rather, Hackett was responding to Jesus' concerns that other traffickers would discover that he was cooperating. Hackett testified: "[Jesus] indicated he didn't want other people to know that he was cooperating. . . . He was concerned that—it was my understanding that he was concerned that other

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We have disposed of issues regarding the district court's denial of Armando Garcia–

Villalba's motions to suppress in a separate opinion filed concurrently with this memorandum disposition.

traffickers might find out that he was co-operating . . . ."

Finally, the delay in bringing Garcia–Villalba before a magistrate was not unreasonable or unnecessary. *See Corley v. United States,* — U.S. —, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009) ("A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge.") (citing Fed.R.Crim.P. 5(a)(1)(A) (2007)). Hackett arrested Garcia–Villalba in the early evening and brought him before a magistrate promptly the next morning.

Accordingly, the district court's denial of Garcia–Villalba's motion to suppress is

**AFFIRMED.**