**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10484 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00043-MMD-WGC-1 |
| v. | |
| PHILLIP BRADLEY SANDERSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted March 14, 2018
San Francisco, California

Before: FERNANDEZ, McKEOWN, and FUENTES,[**] Circuit Judges.

Phillip Bradley Sanderson appeals a sentence of lifetime supervised release

and several special conditions of supervised release imposed by the district court

after he pleaded guilty to receipt of child pornography in violation of 18 U.S.C. §

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

2252A(a)(2) and (b).  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We affirm in part, vacate in part, and remand.

## 1. Expert Testimony

Sanderson contends that the district court violated his due process rights by considering unreliable expert testimony regarding his risk to reoffend in imposing lifetime supervised release.  To succeed on this claim, Sanderson must establish that the testimony "is (1) false or unreliable, and (2) demonstrably made the basis for the sentence."  *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009) (citation and quotation marks omitted).  Here, even assuming that Sanderson met the first prong, his challenge still fails because the district court clearly stated that it would have imposed lifetime supervision without the expert testimony.  *See United States v. Gonzales*, 765 F.2d 1393, 1397 (9th Cir. 1985) (noting that we "take such statements at face value").

## 2. Lifetime Supervised Release

Sanderson next argues that a sentence of lifetime supervised release is substantively unreasonable in light of his age, lack of criminal history, supportive family, and commitment to rehabilitation.  The substantive reasonableness of a sentence is reviewed for abuse of discretion.  *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

2

Here, the district court carefully weighed the factors set forth in 18 U.S.C. § 3553(a) in imposing lifetime supervision. Indeed, as the district court found, lifetime supervision is reasonable in view of the nature of Sanderson's crime, the length and depth of his addiction, and the need to protect the community once he leaves prison. As such, we affirm the sentence of lifetime supervised release.

### 3. Supervised Release Conditions

Sanderson finally asserts that the district court erred in imposing certain conditions of supervised release as part of his sentence. "We generally review conditions of supervised release for abuse of discretion, but we review de novo claims that such conditions violate the Constitution." *United States v. Evans*, 883 F.3d 1154, 1159–60 (9th Cir. 2018).

Sanderson contends that the association condition is vague and overbroad because it captures incidental and unknowing contact with minors. This argument fails. We have held that "incidental contacts," such as those Sanderson fears he would be punished for, "do not constitute association." *United States v. Soltero*, 510 F.3d 858, 866–67 (9th Cir. 2007) (citation and quotation marks omitted). We further construe this condition "consistent with well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*." *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008). "Properly construed,

3

then, the condition regulates only *knowing* contact" with minors. *United States v. Napulou*, 593 F.3d 1041, 1045 (9th Cir. 2010) (emphasis in original). Therefore, the association condition is not vague or overbroad.

However, the association condition implicates Sanderson's "particularly significant liberty interest" in procreating and associating with any children he may have in the future. *United States v. Wolf Child*, 699 F.3d 1082, 1092 (9th Cir. 2012). Accordingly, before imposing the condition, the district court was "required to follow an enhanced procedural requirement to make special findings on the record supported by evidence in the record, that the condition is necessary for deterrence, protection of the public, or rehabilitation, and that it involves no greater deprivation of liberty than reasonably necessary." *Id.* at 1087. Because the district court did not do so, we vacate and remand the association condition for the district court to make the necessary findings or, if it cannot, to narrow the condition appropriately.

Sanderson next maintains that the phrase "caters to" in the occupation condition is vague. We agree. While the record clearly supports an occupational restriction, Sanderson "cannot be left to guess about the intended meaning of the terms of his supervised release." *United States v. Sales*, 476 F.3d 732, 737 (9th

4

Cir. 2007). As such, we remand for the district court to rewrite the occupation condition to clarify where Sanderson can seek employment.

Sanderson further argues that the term "loiter" and the phrase "primarily used by children" in the loitering condition are vague and overbroad. However, this language is not "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Evans*, 883 F.3d at 1160 (citation and quotation marks omitted). Thus, we affirm the loitering condition.

Sanderson similarly challenges the residency condition as vague and overbroad. Contrary to Sanderson's arguments, the phrase "direct view" is not vague. *See id.* However, this condition is overbroad because it could prevent Sanderson from living within sight of places primarily used by children, even if he is so far away that he cannot see them. On appeal, the Government argues that the condition should be read to prevent Sanderson from living within direct view of places primarily used by children only if he can actually see children from that location. While this interpretation solves the condition's overbreadth problem, it is contrary to its plain language. *See United States v. Cope*, 527 F.3d 944, 958 (9th Cir. 2008) ("We . . . cannot assume, as the government seems to suggest, that [a condition] will be interpreted contrary to its plain language." (citation and

5

quotation marks omitted)). Thus, we remand for the district court to rewrite the residency condition to comply with the Government's interpretation.

Sanderson also contends that condition 7's use of 18 U.S.C. § 2256(2) to define the term "pornographic" runs afoul of *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015). We agree. The district court stated that condition 7 was intended to only prohibit Sanderson from possessing child and adult pornography. However, like the condition in *Gnirke*, condition 7—as written—captures non-pornographic depictions of adult sexual conduct. Accordingly, we vacate and remand for the district court to impose condition 7 consistent with *Gnirke*.

Sanderson further maintains that condition 4's prohibition on viewing or reading materials "describing 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2)" violates his First Amendment rights.[1] However, we upheld similar restrictions in *United States v. Daniels*, 541 F.3d 915, 927–28 (9th Cir. 2008), and *United States v. Rearden*, 349 F.3d 608, 619–20 (9th Cir. 2003). While Sanderson asserts that *Daniels* and *Rearden* are distinguishable because the conditions in those cases were reviewed for plain error, condition 4 also withstands abuse of discretion review in light of the goals of Sanderson's

---

[1]To the extent that Sanderson argues otherwise, the term "describing" in condition 4 is not unconstitutionally vague.

6

rehabilitation and public safety. *See United States v. Bee*, 162 F.3d 1232, 1234–35 (9th Cir. 1998). For substantially the same reasons, we also affirm condition 7's prohibition on possessing matter that "depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18)."

**AFFIRMED in part, VACATED in part and REMANDED.**