Stephen F. Peifer, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oscar Ruiz SIFUENTEZ,**
**Defendant–Appellant.**

No. 93–30281.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1994.

Memorandum June 30, 1994.

Order and Opinion July 26, 1994.

Before: ALARCON, NORRIS, and LEAVY, Circuit Judges.

**ORDER**

The memorandum disposition filed June 30, 1994, is redesignated as an authored opinion by Judge Norris.

**OPINION**

NORRIS, Circuit Judge:

Oscar Ruiz Sifuentez challenges the district court's reliance, in part, on an addendum to the presentence report in which the

probation officer responded to various grounds for downward departure put forth by Sifuentez.[1] Sifuentez claims the following language in the presentence report's addendum constitutes impermissible recommendations and advocacy regarding departures in violation of Fed.R.Crim.P. 32(c), principles of separation of powers, and due process:

We continue to believe that there are no factors that warrant a downward departure. The *administrative punishment* imposed by the Bureau of Prisons is separate and distinct from the District Court's control. It is defense counsel's position that defendant's actual conduct, possession of half a gram of heroin, implicates a *substantially lesser harm,* pursuant to 5K2.11. We disagree. Defendant's count of conviction ... reveals that defendant possessed drugs while in prison. It is our opinion that defendant's possession of drugs in prison jeopardized the safety and security of the institutional staff and inmates. Further, Guidelines 5G1.3 and 18 USC 1791 reflect the seriousness of this offense, requiring that a sentence of imprisonment run consecutive to any other sentence. Counsel is correct that defendant provided authorities the name of his supplier and readily admitted his involvement in the instant offense. His cooperation has already been taken into consideration with respect to the two level *acceptance of responsibility.*

Defense counsel also contends that the *mandatory sentence* of 120 months for [defendant's] prior felony conviction is a factor strongly supporting a downward departure. We disagree. This sentence should have been a deterrence for [defendant] preventing further criminal activity. However, this does not appear to be the case as [defendant] continued to engage in criminal drug activity.

This is an issue for which the Court must make a finding of fact. SER at 12–13 (emphasis added).

Sifuentez objected to this language both before, and during, the sentencing hearing. The district court granted Sifuentez's § 4A1.3 over-representation departure, but declined to depart further on Sifuentez's additional grounds. We AFFIRM.

We first address Sifuentez's legal argument: that Rule 32(c), separation of powers, and due process prohibit the probation officer from making, or advocating, departure recommendations in the presentence report.

Sifuentez himself concedes that a probation officer may make "recommendations regarding offense level and criminal history categories." Defendant's Reply Br. at 3. However, he contends that departures present a different situation because the sentencing guidelines confer discretionary departure authority exclusively on the courts. *See* U.S.S.G. § 5K2.0 ("The controlling decision as to whether and to what extent departure is warranted can only be made by the courts."). In light of the unique circumstances and policy concerns presented by discretionary departures under the guidelines, Sifuentez reads Rule 32(c)(2)(B)'s language narrowly to limit the probation officer's discussion to "an *explanation,*" and no more, of "any factors" that may warrant an upward or downward departure.[2] Defendant's opening brief at 11. We are unpersuaded.

---

1. After Sifuentez pleaded guilty to heroin possession in prison, the probation office submitted a draft presentence report to both Sifuentez and the prosecution. Sifuentez objected to the report's finding that no factors existed that might warrant a departure from the guidelines sentence, and supplied a detailed discussion of his own list of available grounds for departure. Sifuentez urged downward departure in the criminal history category for over-representation of criminal history under U.S.S.G. § 4A1.3. SER at 14. He also claimed downward departure was warranted for: (1) exceptional acceptance of responsibility; (2) loss of liberty due to administrative sanctions not accounted for in the guidelines; (3) recognition of the length of time he was serving his previous sentence beyond his guideline range (120 months rather than 92–115 months because of a 10 year mandatory minimum); and (4) lesser harms under U.S.S.G. § 5K2.11. *Id.* at 15–16.

2. Sifuentez contends that the explanation can consist of no more than a discussion whether a legal ground exists for departure and whether there is a dispute regarding the facts asserted in support of a departure request. Defendant's Opening Br. at 13.

Nothing in 18 U.S.C. § 3553(b) (authorizing sentencing departures), the sentencing guidelines, or the Federal Rules of Criminal Procedure explicitly prohibits departure recommendations in presentence reports. While 18 U.S.C. § 3553(a) does require that such reports conform with Rule 32, Rule 32(c) permits, and even expects, that a probation officer will make a variety of sentencing recommendations, including those about departures. *See* Rule 32(c)(3)(A) (stating that prior to the sentencing hearing the court will provide defendant "with a copy of the report of the presentence investigation, including the information required by subdivision (c)(2) but not including any *final recommendation as to sentence*"). (emphasis added.) [3]

We have already held that the sentencing guidelines permit the probation officer to make departure recommendations, and that such a practice does not violate the Constitution. In *United States v. Belgard,* 894 F.2d 1092 (9th Cir.1990), we held that a probation officer's role in guidelines sentencing goes beyond adding and subtracting points: "[N]othing will preclude the probation officers from giving *departure* recommendations (up or down) to district judges for their consideration." *Id.* at 1098 (emphasis added); *see also United States v. Belgard,* 694 F.Supp. 1488, 1496 (D.Or.1988) ("The probation officer furnishes not information alone, but also his or her insight into the matters covered by the presentence report. The probation officer's role includes ... offering a recommendation as to the ultimate sentencing decision of the judge.").[4]

We also held that this reporting scheme did not violate separation of powers or due process. With respect to separation of powers, we said that "when the [probation] officer is preparing a presentence report he is acting as an arm of the court." *Id.* at 1097 (quotation marks omitted). "The fact that probation officers are integral to the proper operation of the new [guidelines] system, as they were under the old system, does not require that they be removed from the judicial branch of the government." *Id.* at 1098.

As for due process, we found unpersuasive any due process arguments stemming from the assumption that probation officers who provide sentencing recommendations are performing judicial decisionmaking functions. *Id.* at 1098–99. To the extent that such concerns are based on the premise that sentencing recommendations will preclude the district court from finding facts on any disputed issue, we stated that the law remains that the "district court is unquestionably required to resolve any and all disputes." *Id.* at 1099 (citing, *inter alia,* Rule 32). And to the extent that such concerns express the fear that trial judges will be biased by probation officers' reports and recommendations, and thus will be unable to function as neutral factfinders and impartial decisionmakers, we explained that we must rely "on the integrity of district court judges in sentencing matters. *We are certain that district judges have the ability to read a pre-sentence report without being improperly influenced." Id.* (emphasis added).[5]

This is not to say that there are no limits on what a probation officer may write in her presentence report as part of her discussion of facts relevant to the departure decision or in support of any recommendations she makes to the court. Certain language may stray sufficiently far from the essential purpose of analyzing the departure grounds to constitute excessive, and impermissible, advocacy or argument. We do not think the language here went so far.

Admittedly, some of the addendum's language is strong, and may come close to crossing the line into impermissible advocacy. This is particularly true of the discussion of

---

**3.** Sifuentez concedes that the Probation and Pretrial Service's *Presentence Investigation Report,* Publication 107 (March 1992), a monograph setting standards for presentence reports, assumes that a departure recommendation can be given. Defendant's Opening Br. at 12–13 & n. 4.

**4.** In *Belgard,* the district court explained that such recommendations may cover "the guideline range, and any *departures* therefrom (up or down)." 694 F.Supp. at 1497 (emphasis added).

**5.** We pointed out, as well, that we have held that "ex parte communications of the probation officer with the court are proper." *Id.* at n. 7 (citing *United States v. Gonzales,* 765 F.2d 1393, 1398–99 (9th Cir.1985) (pre-guidelines case)).

the "substantially lesser harm" and "mandatory minimum" grounds for departure. *See supra* page 1048. Ultimately, however, we believe that the language does not depart from what is acceptable and does not constitute advocacy unfair to the defendant. Moreover, there appears to have been no prejudice. The district court considered the entire presentence report as only one of the factors in his sentencing determination,[6] and despite the probation officer's recommendation against it, reduced Sifuentez's sentence from at least 27 months to 18 months based on his request for a downward departure under § 4A1.3.

AFFIRMED.

---

6. The district court said: "In fashioning the sentence that I am going to give, I rely on the documents presented by counsel, [defendant's] as well as the prosecutor's, and the presentence report and my knowledge of the law and what I feel would be a just sentence if such is possible under the guidelines." ER at 14.