50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francis Scott READY, Defendant-Appellant.
 No. 94-30096.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 14, 1995.
 
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Francis Ready appeals the sentence imposed under the United States Sentencing Guidelines following his plea of guilty to one count of armed bank robbery and one count of possession of an unregistered weapon. We affirm.
 
 
 3
 * Ready first contends that the district court erred in denying him a downward adjustment for aberrant behavior.
 
 
 4
 We must reject Ready's argument because we lack jurisdiction to review a district court's discretionary refusal to depart downward from the Sentencing Guidelines. See United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, 502 U.S. 943 (1991).
 
 
 5
 Ready contends that the district court ruled as a matter of law that it had no authority to make a downward departure, and thus that its decision is reviewable by this court. Id. (Where district court finds as a matter of law that it has no authority to depart, court's decision is reviewable de novo). The record belies Ready's argument, however. In refusing to depart, the district court judge expressly stated "I find I have discretion to depart downward but I do not find that this is a case where I should exercise that discretion." Such language is clear evidence of a discretionary refusal to depart, a refusal which is not reviewable on appeal.
 
 II
 
 6
 Ready next claims that the probation officer's recommendation against downward departure constituted impermissible advocacy, prohibited by both Rule 32(c) of the Federal Rules of Criminal Procedure and the Due Process Clause of the United States Constitution.
 
 
 7
 In United States v. Sifuentez, this court rejected an argument identical to the argument now advanced by Ready. As this court explained, "Rule 32(c) permits, and even expects, that a probation officer will make a variety of sentencing recommendations, including those about departures." 30 F.3d 1047, 1049 (9th Cir.1994), cert. denied, 115 S.Ct. 777 (1995) (emphasis added). Similarly, the court concluded, such recommendations posed no threat to due process. Id.; see also United States v. Belgard, 894 F.2d 1092, 1098-99 (9th Cir.), cert. denied, 498 U.S. 860 (1990).
 
 
 8
 As Ready notes, the Sifuentez court did recognize that "[c]ertain language may stray sufficiently far from the essential purpose of analyzing the departure grounds to constitute excessive, and impermissible, advocacy or argument." 30 F.3d at 1049. We are not persuaded, however, that such is the case here. Although some of the language contained in the presentence report is strong, most of the disputed addendum is simply an explanation of the grounds supporting the probation officer's recommendation.
 
 III
 
 9
 Because we lack jurisdiction to review Ready's first claim, and because Ready's second claim is controlled by recent precedent of this court, we affirm.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3