60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Henry CUCUTA, a/k/a Paulie, Defendant-Appellant.
 No. 94-5537.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 22, 1995.
Decided: July 14, 1995.
 
 Kenneth Hall Epple, Jr., Charlotte, NC, for appellant. Mark T. Calloway, U.S. Atty., Gretchen C.F. Shappert, Asst. U.S. Atty., Charlotte, NC, for appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Paul Henry Cucuta pled guilty to conspiracy to possess with intent to distribute and to distribute heroin, 21 U.S.C.A. Sec. 846 (West Supp.1995). He was sentenced as a career offender, USSG Sec. 4B1.1,* to a term of 144 months, the district court having departed below the guideline range of 151-188 months on the government's substantial assistance motion pursuant to guideline section 5K1.1, p.s. Cucuta appeals his sentence, contending first that the district court failed to recognize its authority to depart further under section 4A1.3, p.s. and, second, that the probation officer's recommendation against a section 4A1.3 departure constituted excessive advocacy which violated Fed.R.Crim.P. 32 and due process. We affirm in part and dismiss in part.
 
 
 2
 It is well established in this circuit that a sentencing court's discretionary decision not to depart will not be reviewed on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Only when the court determines that it lacks the legal authority to depart will its decision be reviewed. United States v. Hall, 977 F.2d 861, 863 (4th Cir.1992). Here, the district court explicitly stated that it understood its authority to depart downward if Cucuta's career offender status overstated the seriousness of his criminal history. The court found, in its discretion, that Cucuta's repeated lenient treatment in the state courts of New York for his prior drug offenses was an inadequate reason to depart in the instant offense. We will not review the district court's decision.
 
 
 3
 Cucuta objected to the probation officer's failure to recommend a departure pursuant to section 4A1.3 because he was merely a drug user whose prior offenses involved small amounts of heroin. The pro bation officer responded by observing that Cucuta qualified squarely as a career offender and that, in each of his prior drug convictions, Cucuta was in possession of seven or eight bags of heroin in addition to the heroin he sold to an undercover officer in one case, and the heroin sale he facilitated in the other case.
 
 
 4
 The probation officer pointed out that Cucuta also had pled guilty twice to misdemeanor heroin charges after being charged in both cases with felony sale of heroin. Cucuta possessed 57 bags of heroin in one case and 10 in the other. Finally, the probation officer stated that the decision whether to depart was "a matter entirely in the discretion of the Court and beyond the scope of this Addendum to address."
 
 
 5
 While it is conceivable that a probation officer might offend due process through excessive advocacy of a certain position concerning sentencing, see United States v. Sifuentez, 30 F.3d 1047, 1049-50 (9th Cir.1994), cert. denied, 63 U.S.L.W. 3516 (U.S.1995), we do not believe the probation officer in this case approached the limits of what is permissible.
 
 
 6
 We therefore affirm the sentence imposed. That portion of the appeal which contests the district court's decision not to depart is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)