**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Javier Dillon VILLA, Defendant—**
**Appellant.**

No. 04–10653.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2006.*

Filed Feb. 21, 2006.

James T. Lacey, AUSA, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Sean Chapman, Esq., Law Office of Sean Chapman, Tucson, AZ, for Defendant–Appellant.

Before: ALARCÓN and McKEOWN, Circuit Judges, and HOLLAND,** District Judge.

MEMORANDUM ***

Javier Dillon–Villa ("Villa") appeals the district court's imposition of a 57–month

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable R. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

sentence for the second revocation of the terms of his supervised release. He challenges his sentence on three grounds. We affirm.

■ 1. Ineffective assistance of counsel. No one disputes that there was a potential conflict of interest by Villa's counsel. We do not agree with Villa that the district court's inquiry into the conflict of interest was inadequate. The record indicates that the district court conducted a searching inquiry into the conflict and asked the right questions about any link between Villa and the other client and any ways in which their interests could be considered adverse.

Villa identified no evidence that his attorney faced an *actual* conflict of interest, as he must to demonstrate ineffective assistance of counsel. *See Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Villa fails to show that the conflict caused his attorney to change his legal strategy in a way that hurt Villa. *See Mickens v. Taylor*, 535 U.S. 162, 172, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). As the district court noted, it is hard to imagine what else a lawyer could have done for Villa in the limited context of his second revocation hearing. Villa's ineffective assistance of counsel claim fails.

2. Excessive advocacy. Villa argues that his probation officer's sentencing report constituted excessive advocacy in violation of the Due Process Clause. He did not raise this issue in the district court, so we review for plain error. *United States v. Castillo–Rivera*, 244 F.3d 1020, 1024 (9th Cir.2001). There is no plain error.

A probation officer is free to describe "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence." Fed.R.Crim.P. 32(d)(2)(A)(iii). But there are limits to how the officer may write up these facts. "Certain language may stray sufficiently

far from the essential purpose of analyzing the departure grounds to constitute excessive, and impermissible, advocacy or argument." *United States v. Sifuentez*, 30 F.3d 1047, 1049 (9th Cir.1994).

Although the language used was strong, Villa fails to show how any comments miscast the facts or may have mislead the district judge. *See id.* Villa admitted that many of the characterizations he challenges were accurate. He was "less than forthright" when he did not timely inform his probation officer of his traffic stop— one act that led to this second revocation of supervised release. Villa also admitted "that he has not always had the best attitude," and had, at times, been belligerent in his halfway house. Because Villa does not show that the officer's report "stray[ed] sufficiently far from the essential purpose of analyzing the departure grounds," *id.,* we hold that the report did not violate due process.

■ 3. Unreasonableness. Villa argued that the district court abused its discretion by departing upward from the policy statement range of 3–9 months under § 7B1.4 to a total sentence of 57 months. We disagree.

A district court, in sentencing a defendant for revoking supervised release, abuses its discretion "if it fails to consider the[ ] policy statements" of Chapter 7. *United States v. Tadeo*, 222 F.3d 623, 625 (9th Cir.2000). But if the court considers the policy statements, "it is free to reject the suggested sentencing range and may revoke a defendant's supervised release and impose a sentence ... below the statutory maximum." *Id.*

Here, the district court considered the policy statement range. Also, the 57–month sentence, combined with time served (about 108 months total), is still less than the low end of the Guideline

range (168–210 months), let alone the statutory maximum. Application Note 4 to § 7B1.4 states that "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance) ... below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." Such is the case here. The district court did not abuse its discretion.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.