File Name: 09a0368n.06
NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 08-1829

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

**May 26, 2009**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RACHEL MAJ-LIS BUSHEY,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

_____ /

BEFORE:    MARTIN and KETHLEDGE, Circuit Judges; and WATSON, District Judge.[*]

    **BOYCE F. MARTIN, Jr., Circuit Judge**.  Rachel Maj-Lis Bushey pleaded guilty to conspiring to steal U.S. mail in violation of 18 U.S.C. § 371 and of stealing U.S. Mail in violation of 18 U.S.C. § 1708.  Her lone argument on appeal is that the district court abused its discretion in varying upward from the guidelines range of fifteen to twenty-one months to impose a sentence of twenty-seven months.  Finding her sentence to be substantively reasonable, we AFFIRM.

I.

    Bushey and two acquaintances conspired to steal mail to obtain checks and fraudulently cash them.  The trio concocted the scheme to support their addiction to crack cocaine.  Over a four month

_____

[*] Hon. Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

period in 2007, the trio cashed stolen checks from over seventy victims for nearly $13,000. Bushey

has two prior convictions for passing forged checks, and stated that cashing forged checks was her

"way of life." She stated that it is a good thing she was caught, as she would not have stopped on

her own. *Id.*

Bushey's presentence report found an offense level of twelve and a criminal history category

of III, which yielded a guideline range of fifteen to twenty-one months. In addition, the report

suggested that an upward departure might be warranted because of the scope of the conspiracy, the

nature of the crime, and Bushey's history of drug use and criminal activity to support of her

addiction.[1] Bushey objected to this recommendation.[2]

The district judge indicated at sentencing that, consistent with the presentence report, she was

considering an upward variance. She explained her reasons in light of the § 3553(a) factors, and then

granted Bushey a five-week continuance to prepare a response. At Bushey's subsequent sentencing

hearing, the court heard arguments from both sides and then imposed a sentence of 27 months—6

months above the guidelines range. Bushey now appeals, arguing that the district court abused its

discretion in varying upward.

---

[1] "This officer believes factors have been identified under 18 U.S.C . § 3553(a) that would warrant the Court sentencing the defendant outside the advisory guideline range. It does not appear the guideline range takes into consideration the nature and circumstances of the offense and the widespread destruction of U.S. mail for which the defendant was responsible. Additionally, it does not appear the guideline range would represent an adequate deterrent to criminal conduct nor protect the public from further crimes of the defendant."

[2] Bushey does not maintain and the facts do not support any allegation that the probation department's recommendation strayed from a neutral factfinding role into advocacy and impermissibly influenced the sentencing process thereby. *See United States v. Christman*, 509 F.3d 299, 310 (6th Cir. 2007); *United States v. Sifuentez*, 30 F.3d 1047, 1049-50 (9th Cir. 1994).

II.

We review a district court's sentencing determinations for abuse of discretion. *Gall v. United States*, ___ U.S. ___, 128 S.Ct. 586, 594 (2007). A district court abuses its discretion if imposes a sentence that is either procedurally or substantively unreasonable. *Id.* at 597. Bushey challenges the district court's conclusion that a sentence of 27 months is "not greater than necessary" to serve the purposes of punishment based on its weighing of the § 3553(a) factors. This is a substantive objection. *United States v. Presley*, 547 F.3d 625, 630-32 (6th Cir. 2008). A sentence is substantively unreasonable if it is selected arbitrarily, if it is based on impermissible factors, if it fails to consider a relevant sentencing factor, or if it gives an unreasonable amount of weight to any pertinent factor. *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). However, "[w]hen a district court considers the relevant 3553(a) factors in-depth and reaches its determination that the appropriate sentence varies outside the advisory guidelines range, we are very reluctant to find the sentence unreasonable." *United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006). That is because "[d]oing so would essentially amount to substituting our judgment for the district court's as to how long the defendant should serve," *id.*, even though the district court "is in a superior position to find facts and judge their import under § 3553(a)" and "has a greater familiarity with the individual case." *Gall*, ___ U.S. ___, 128 S.Ct. at 597.

Here, the district court discussed the application of the § 3553(a) factors to Bushey's case in depth and in a balanced manner. First, the court noted the serious nature and circumstances of the offense—a calculated, four month long conspiracy involving dozens of victims and thousands of dollars, which damaged its victims' credit and widely disrupted postal operations. Sentencing Tr.

(May 2) at 22-24. Then the court moved on to Bushey's criminal history, and noted that while only 26, she had a history of similar offenses. This, the court observed, showed a lack of respect for the law and corresponding need for deterrence and public protection. *Id.* at 24-25. The court also noted the severity of Bushey's drug problem, its relationship to her criminal activity, and her need for treatment and rehabilitation in a structured setting. *Id.*

Given the deference we owe to the district court's weighing of the § 3553(a) factors, the factual support offered by the district court to justify an upward variance, and the unexceptional size of the variance (six months from the top of the guidelines and a year from the bottom), we find that Bushey's sentence is not substantively unreasonable.

III.

Because the district court did not abuse its discretion in imposing an upward variance, we AFFIRM.