**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50005 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00191-CJC-1 |
| v. | |
| GERALD M. SHAW, AKA Gerald Michael Shaw, AKA Jerry Shaw, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted June 3, 2013[**]
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Defendant-Appellant Gerald Shaw pleaded guilty to wire fraud under 18

U.S.C. § 1343. Shaw appeals his 70-month sentence, a condition of supervised

release, and the district court's denial of his application to access sealed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

documents. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and now affirm.

At the sentencing hearing, the probation officer learned that Shaw was unable to pay restitution despite Shaw's previous statement that he had more than $468 million in assets. The probation officer recommended that the court apply a two-level enhancement for obstruction of justice for providing false information.

First, Shaw argues that he was denied due process because he was not given prior notice of the probation officer's belated recommendation and was not given adequate time to respond. Shaw made no procedural objection nor did he request a continuance or any additional time to respond. And respond he did – effectively, too. The court rejected the probation officer's recommendation. There was no due process violation. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) ("Where the court does not rely on the challenged information, the sentence will be affirmed regardless of the accuracy of the challenged information.") (internal quotation marks and citation omitted).

Second, Shaw argues that the probation officer acted as a zealous advocate rather than a neutral party, violating Shaw's due process rights. Shaw made no such objection at sentencing; therefore, we review for plain error. *See United States v. Warr*, 530 F.3d 1152, 1162 (9th Cir. 2008). A probation officer's role in

sentencing includes recommending sentencing enhancements, and the record does not support the conclusion that the probation officer here crossed the line into impermissible advocacy. *See United States v. Sifuentez*, 30 F.3d 1047, 1049 (9th Cir. 1994). Furthermore, the district court did not adopt the recommendation; any error was harmless. *Id*. at 1050 (holding that there was no prejudice where the court did not follow the probation officer's recommendation).

Third, Shaw argues that a condition of supervised release requiring the disclosure of his business records and client lists deprives Shaw of the ability to practice law because of the confidentiality of attorney-client communications, and to operate any business because it will prevent him from being able to secure clients. Shaw did not object at the time, so we review for plain error. *United States v. Johnson*, 626 F.3d 1085, 1088-89 (9th Cir. 2010). Shaw perpetrated his crime on his clients, who trusted him because he was their lawyer. The monitoring of Shaw's business records and client lists is sufficiently related to the protection of the public and therefore is a reasonable condition of supervised release. *See* 18 U.S.C. § 3583(d) (permitting a condition of supervised release that reasonably relates to public protection, 18 U.S.C. § 3553(a)(2)(C)).

Fourth, Shaw argues that the district court erred when it denied his application to access sealed documents for his appeal. We lack jurisdiction over

this issue because the district court's order was not included in Shaw's notice of appeal, and Shaw did not separately appeal or amend his notice of appeal to include this issue. *See* Fed. R. App. P. 3; *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal.").

**AFFIRMED.**