NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0267n.06

Case No. 19-3929

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 12, 2020
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                 )
                                             )
                                             )   ON APPEAL FROM THE UNITED
v.                                           )   STATES DISTRICT COURT FOR
                                             )   THE NORTHERN DISTRICT OF
JONATHAN CORY LOPEZ,                         )   OHIO
                                             )
    Defendant-Appellant.                )
                                             )
_____/

Before: MERRITT, GUY, and STRANCH, Circuit Judges.

**MERRITT, Circuit Judge.** Defendant Jonathan Lopez challenges his above-guidelines sentence as procedurally and substantively unreasonable. Because the district court did not err, we affirm.

**I.**

Defendant stole and opened United States mail on at least two occasions in Cleveland, Ohio, as verified by surveillance. The defendant retrieved the packages and placed them into his vehicle. The packages were not addressed to the defendant, and the investigators believed the packages contained controlled substances. On June 26, 2017, a package was mailed via the United States Postal Service from California. The package was addressed to M.T. on Wainstead Avenue in Cleveland. On June 28, 2017, federal agents and postal inspectors conducted surveillance of

the delivery of the package. The agents and postal inspectors observed the defendant retrieve the package from the front porch on Wainstead Avenue and place it into his vehicle. The defendant was the only occupant in the vehicle, and he traveled to his suspected residence in Cleveland. On the same day, the defendant traveled to a nearby restaurant and discarded the box and packaging materials into a dumpster. The agents and postal inspectors recovered the box and packaging materials. On June 29, 2017, a narcotic detection K-9 alerted to the presence of an illegal drug on the packaging material the defendant discarded the previous day.

On August 24, 2017, another package was mailed via the United States Postal Service from California. The package was addressed to N.S. on West Boulevard, in Cleveland. On August 28, 2017, agents and postal inspectors conducted surveillance of the delivery of the package. The agents and postal inspectors observed the defendant retrieve the package off the porch on West Boulevard and place it into his vehicle. The defendant traveled to his suspected residence. Later that same day, the defendant delivered the package to an unidentified male subject at a restaurant in Cleveland. On November 17, 2017, postal inspectors conducted a controlled delivery of a package containing five pounds of marijuana to a male subject. The male subject stated that the defendant paid him to receive the packages on behalf of another individual.

Defendant was subsequently arrested and pleaded guilty pursuant to a plea agreement to two counts of mail theft, in violation of 18 U.S.C. § 1708. A presentence report was prepared, and defendant's guidelines range was calculated at zero to six months of imprisonment based on an offense level of 4 and a criminal history category of II. Neither party filed objections to the presentence report, but the defendant filed a Sentencing Memorandum requesting a below-guidelines sentence of probation. The district court declined defendant's request to vary downward, and, instead, varied upward from the guideline range, sentencing defendant to twelve

months in prison, to be followed by three years of supervised release. Sent'g Tr. at 37. After announcing defendant's 12-month sentence, the district court asked whether the parties had any additional arguments or objections. Neither party raised any objection to the sentence in response to the district court's question at the conclusion of the sentencing hearing. *Id*. at 42. This appeal followed.

## II.

Defendant challenges his sentence as both procedurally and substantively unreasonable. We review the procedural reasonableness of the sentence under a plain error standard because defendant did not raise any objections in the district court after the court explicitly gave him the opportunity to do so. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Because he argued for a below-guidelines sentence, we review the substantive reasonableness of the sentence for abuse of discretion. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).

### A. **Procedural Reasonableness**

We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Defendant contends that his sentence is procedurally unreasonable because the district court (1) failed to provide an adequate explanation for the sentence imposed, and (2) imposed the sentence without notice in violation of Federal Rule of Criminal Procedure 32(h).[1]

---

[1] Subsection (h) of Federal Rule of Criminal Procedure 32, Federal Sentencing and Judgment, states:

"For a sentence to be procedurally reasonable, 'a district court must explain its reasoning to a sufficient degree to allow for meaningful appellate review.'" *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012) (quoting *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007)). If the sentence is outside the guidelines range, as in this case, the district court must state specific reasons for the departure or variance. 18 U.S.C. § 3553(c)(2); *Zobel*, 696 F.3d at 566-67. The district court fulfilled that requirement.

The district court gave detailed reasons for the variance at the sentencing hearing. The court's stated reasons for the upward variance focused on the fact that defendant committed the instant mail-theft offenses shortly after receiving a probationary sentence in state court for felony drug trafficking, and the need to deter defendant from future crime. The court noted that defendant pled guilty to a felony state drug trafficking charge for which he received a probationary sentence on June 21, 2107. Only five days later, on June 26, he committed the first of the two mail-theft offenses at issue here. The second mail-theft offense in this case, committed in August 2017, also occurred while he was on probation. The court noted that both thefts involved drugs, and that there was another theft in November 2017, while defendant was still on probation, for which defendant was not charged. Sent'g Tr. at 10-12.

In its written Statement of Reasons, the district court indicated that it varied upward to (1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (2) "afford adequate deterrence to criminal conduct;" (3) "protect the public from further crimes of the defendant;" and (4) "avoid unwarranted sentencing disparities

---

Notice of Possible Departure from Sentencing Guidelines. Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

among defendants." As its basis for the variance, the district court wrote in the Statement of

Reasons:

> The defendant previously received a sentence of probation [in state court] for drug-related offenses on June 21, 2017. The defendant's earliest known involvement in the instant [mail theft] offense occurred only one week after he received the sentence of probation [from the state court]. The defendant appears to have a lack of respect for the law. His involvement in the instant offense did not occur on one occasion. He was observed on at least two occasions taking packages off porches in Cleveland, and it is believed the packages contained controlled substances.

Defendant also argues that the district court provided insufficient notice of its intent to vary

upward under Federal Rule of Criminal Procedure 32(h), rendering the sentence procedurally

unreasonable. Notably, Rule 32(h) applies only to departures, not variances. Departures are based

on the sentencing guidelines, but variances are based on the Section 3553(a) factors. The required

Statement of Reasons filed by the court, and the sentencing transcript show that the court imposed

an upward variance, not a departure. But, in any event, the district court informed the parties at

the start of the sentencing hearing that it was considering varying above the guideline range and

provided both parties ample opportunity to respond. Sent'g Tr. at 12.

Furthermore, a sentence is procedurally unreasonable when "the facts or issues on which

the district court relied to impose a variance came as a surprise and [the defendant's] presentation

to the court was prejudiced by the surprise." *United States v. Coppenger*, 775 F.3d 799, 804 (6th

Cir. 2015) (quoting *United States v. Rossi*, 422 F. App'x 425, 432 (6th Cir. 2011)). Here, the

district court's imposition of the upward variance may have come as a surprise to defendant, but

any surprise was not prejudicial to defendant's sentencing presentation. Every point cited by the

district court in support of the upward variance came from facts in the plea agreement and the

presentence report.

The district court provided adequate explanation for the upward variance. Therefore, defendant's sentence was not rendered in a procedurally unreasonable manner.

## B. Substantive Reasonableness

The substantive reasonableness inquiry determines if the length of a sentence conforms with the sentencing goals set forth in 18 U.S.C. § 3553(a) and asks whether the district judge "'abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." *Holguin-Hernandez*, 140 S. Ct. at 766 (quoting *Gall*, 552 U.S. at 56); *see also United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citing *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)); *see also United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019). Furthermore, "[f]or a sentence to be substantively reasonable, 'it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes' of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Ronald Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). Where, as in this case, the district court imposes a sentence outside the guidelines range, "we 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Boucher*, 937 F.3d at 708 (quoting *Gall*, 552 U.S. at 50).

In our substantive-reasonableness review, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. "Although a sentence that falls within the Guidelines range warrants a presumption of

reasonableness in this circuit, there is no presumption against a sentence that falls outside of this range." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). And "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall,* 552 U.S. at 51.

Defendant contends that his sentence is substantively unreasonable because the district court failed to consider and properly weigh all relevant factors, while assigning too much significance to irrelevant factors. Essentially, defendant's argument boils down to the contention that the district court should have weighed the § 3553(a) factors differently. Defendant's two primary arguments for leniency are (1) he is a drug addict and the theft crimes were "crimes of opportunity" to feed his habit; and (2) he was unjustly imprisoned for 16 months on an aggravated murder charge that was later dismissed,[2] and it has been difficult for him to put the adverse effects of that experience behind him. The district court rejected both these arguments, noting that defendant is not a hard-core drug addict, and the drugs he stole via the mail thefts were in amounts larger than that for personal use. The court also noted that while the 16-month imprisonment was unjust, defendant had been out of prison since 2012 and was 28 years old at the time of sentencing. The court stated that defendant has had "a number of years . . . . to turn his life around, to be fully employed, to follow the law, not to be involved with . . . drug trafficking," Sent'g Tr. at 13, and he failed to use that time productively to further his education or find gainful employment.

Defendant also contends that the district court improperly used the dismissed aggravated murder charge as a basis to vary upward. The district court recognized the injustice of defendant

---

[2] A woman was murdered in Cuyahoga County in 2010 and an informant said that defendant was involved in the murder. During a recorded phone call, the defendant told an informant that he was involved in the murder. Defendant knew facts about the robbery and murder that were not public knowledge. When he was interviewed by a detective, defendant identified his cousin, Jose Rodriguez, and others as involved in the murder. After spending 16 months in jail, defendant was exonerated in 2012 and the case against him dismissed when another person admitted his own involvement in the murder, along with Jose Rodriguez and third person, but did not mention defendant. Presentence Investigation Report at 7.

spending 16 months in prison for a crime he did not commit, and expressly stated it was not relying on the dismissed murder charge as a ground for the upward variance. *Id*. at 35. But the district court did say it relied on the fact that defendant's time in prison did not deter him from committing further crimes after his release. *Id*. While this rationale for a variance seems to us to be questionable, the district court put greater weight on the fact that the defendant was on probation for a state felony drug conviction when the mail-theft offenses in the instant case occurred, and defendant committed the first offense just days after starting the probationary term. The district court expressed its belief that this demonstrated that defendant had not learned from his earlier run-ins with the judicial system, and a stronger deterrent than probation was needed this time.

The district court also noted that the mail-theft offenses here were not "mine-run," but instead involved stealing packages that contained illegal drugs. The court noted that this distinguishes defendant from defendants who commit regular mail-theft crimes. *Id*. at 34. The court also stated that defendant's guideline range was somewhat lower than the average range of a defendant with a criminal history category of II, where the average sentence is 10 months. *Id*. at 37.

Our task is to determine whether a district court's sentence is reasonable, not whether we would have imposed the same sentence in the first instance. Here, it was reasonable for the court to conclude that a weighing of the § 3553(a) factors warranted an upward variance, regardless of whether we would have weighed the § 3553(a) factors differently. We recognize that the upward variance of six months is an increase of 100% from the upper end of defendant's zero to six-month guideline range. But an upward variance is permitted when the district court adequately addresses the § 3553(a) sentencing factors, provides a detailed rationale for the variance, and imposes a sentence that is otherwise substantively reasonable. We do not find that a sentence of 12 months,

incorporating the 6-month upward variance, is substantively unreasonable in this case. *See, e.g., United States v. Lanning*, 633 F.3d 469, 471-72 (6th Cir. 2011) (100% upward variance and 75% upward variance from top of defendants' guideline ranges found substantively reasonable); *United States v. Bushey*, 330 F. App'x 540, 541 (6th Cir. 2009).

## Conclusion

District courts have wide discretion in fashioning sentences. While we may not have imposed the same sentence in the first instance, we must give deference to the district court. As we find no reversible error, we affirm the judgment of the district court.