NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2019
Decided January 29, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3455

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| | |
| *v.* | No. 13 CR 744-3 |
| | |
| ANWER SHAHBAZ, | Gary Feinerman, |
| *Defendant-Appellant.* | *Judge.* |

––––––––––––––––––

No. 18-1878

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, |
| | South Bend Division. |
| | |
| *v.* | No. 3:17CR34-001 |
| | |
| DEANDRE WATSON, | Robert L. Miller, Jr., |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Anwer Shahbaz and Deandre Watson argue, in separate appeals, that the condition of their supervised release restricting travel to certain areas is unconstitutionally vague. Both defendants, however, entered valid plea agreements in which they waived their right to appeal their sentences. Consequently, we address these appeals together and dismiss both.

**I**

**A**

Anwer Shahbaz worked with a drug-trafficking organization that bought and sold marijuana and cocaine and possessed guns to protect its inventory. He pleaded guilty to two conspiracy charges (conspiracy to possess with intent to distribute a controlled substance and conspiracy to distribute a controlled substance), 21 U.S.C. §§ 841(a)(1), 846, and to possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A). In the written plea agreement, Shahbaz waived his right to appeal "any part of the sentence" imposed, provided the government moved for a downward departure at sentencing, which it did.

The probation officer's presentence investigation report recommended several conditions of supervised release. The one at issue in this appeal ordered Shahbaz to "remain within the jurisdiction where you are being supervised, unless granted permission to leave by the court or a probation officer." Shahbaz did not object to this condition at sentencing and waived the court's reading of and justification for the conditions it was adopting. In the written judgment, the district court added a scienter requirement and changed "jurisdiction" to "federal judicial district": "[Y]ou shall not knowingly leave the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer." The court sentenced Shahbaz to 135 months in prison followed by five years of supervised release.

**B**

Deandre Watson, a convicted felon, confronted a man with a gun who he believed had acted inappropriately toward two of his girlfriend's daughters. An argument ensued, and when the police arrived, they arrested Watson. Watson later pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). His written plea agreement included a waiver of the right to appeal "[his] conviction and all components of [his] sentence…." In pleading guilty, Watson told the district court that

he "had a problem" with the appeal-waiver provision but that he still wanted to proceed with the plea agreement.

A few months later, defense counsel moved to withdraw from the case, explaining at a hearing that Watson had expressed a desire to rescind his guilty plea because of ineffective counsel. The district court told Watson: "if you withdraw your guilty plea, there's a not-guilty plea. And with a not-guilty plea, we set a trial date and we try the case on the original charges." Watson confirmed that he understood "everything [the judge was] saying." The court reiterated that it wanted "to be sure" that Watson understood the consequences if he was granted new counsel and permitted to withdraw his plea; as the court stated, "I don't want to have a situation where somebody doesn't realize that they would be looking at trial if they withdraw their guilty plea." When Watson asked if trial was the only other option, the court told him: "you'd be back at square one." The court granted counsel's motion to withdraw and appointed new counsel. At a status conference about a month later, Watson confirmed that he did not want to withdraw his guilty plea.

At the sentencing hearing, the district court adopted the conditions of supervised release recommended in the presentence investigation report, including the condition that Watson "shall not travel knowingly outside the district without the permission of the probation officer…." Watson had received the final report one month before the hearing and did not object to anything in it. At sentencing, defense counsel confirmed that the defense had "no objection to the report or those conditions." The district court imposed a sentence of 88 months in prison followed by 18 months of supervised release.

## II

On appeal, Shahbaz and Watson argue that the conditions of their supervised release prohibiting travel outside certain areas are unconstitutionally vague because they do not adequately notify either defendant of where they are permitted to go. The government responds that the defendants waived their right to make this argument, and we agree. A knowing, voluntary, and unambiguous waiver of the right to appeal generally precludes appellate review and requires dismissal. *See United States v. Bolin*, 908 F.3d 287, 289 (7th Cir. 2018). Here, counsel concedes that their clients' guilty pleas were knowing and voluntary, and we can find nothing in either record that would compel a different conclusion. In each case, the district court engaged in the proper Rule 11 plea colloquy; it confirmed that the defendant understood the appeal waiver and the rights he was forfeiting and ensured that he was pleading guilty voluntarily. *See* FED. R.

CRIM. P. 11. Because an enforceable appellate waiver "prevents challenges to the conditions of supervised release imposed as part of the sentence," the defendants cannot contest the travel-restriction condition on appeal. *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016).

To circumvent their appeal waivers, the defendants rely on *United States v. Adkins*, 743 F.3d 176 (7th Cir. 2014). In *Adkins*, we ruled that, "despite a waiver of appellate review, the Due Process Clause permits review when a special condition is so vague that no reasonable person could know what conduct is permitted and what is prohibited." *Id* at 193. But we have declined to extend *Adkins* to a situation nearly identical to those now before us. Specifically, in *United States v. Campbell*, we concluded that an appeal waiver foreclosed the defendant's argument that the term "judicial district" in a condition of his supervised release was unconstitutionally vague and dismissed his appeal. *See* 813 F.3d at 1019.

The same result applies here for three reasons. First, the challenged conditions do not involve constitutionally protected speech, as in *Adkins,* so fewer, if any, concerns about "fundamental unfairness" arise. *See id.* at 1018. Second, like the defendant in *Campbell*, Shahbaz and Watson had "ample opportunity in the district court to resolve any uncertainty in the meaning of his conditions." *Id.* They could have objected to the proposed conditions in their respective presentence investigation reports or asked the court to define the terms at sentencing, but they did neither. *See id.* at 1018–19. And third, neither defendant has raised concerns about the "fundamental legitimacy of the judicial process" that might permit us to reach the merits of this vagueness challenge.

We allowed Watson to file a pro se supplemental brief to raise an additional argument. In his brief, Watson contends that, at the hearing on his lawyer's motion to withdraw, the court "attempted to coerce him into not withdrawing his guilty plea" by "provid[ing] only one scenario for settling the case"—trial—and failing to inform him that "the plea process was a viable option." But because this argument deals with "the manner in which [Watson's] conviction … was determined," it falls within the scope of the enforceable appeal waiver, barring our review. *Cf. United States v. Perillo*, 897 F.3d 878, 883 (7th Cir. 2018) (noting that a waiver of the right to appeal a conviction also includes the right to challenge the denial of a motion to withdraw a guilty plea).

For the foregoing reasons, we enforce the appeal waiver in both cases and DISMISS the appeals.